McKenzie. Good morning. Good morning. Good morning, Judge Gregory. Glad to be with you this morning. Lloyd and Quattle Bombs. Very nice to see you again. I'm Andrew McKenzie. I represent Rayco Bethea. Um, this case involves a conviction against Mr Bethea. Conspiracy to distribute cocaine and crack cocaine. The issue is whether what use of discretion for the court judge to reimpose on Bethea without regard to the first step, the first step back case. Let me say this at the beginning. Um, we filed the original opening brief in this case back in November of 2019. Last year, there was very little four circuit authority on this issue at that time. I have been some cases that have come out that are not exactly favorable to Mr Bethea's, um, position in this case. I would never. Nevertheless, I would like to take you through the procedural posture of this case, which is a little bit different from the cases that have already been decided and also point out a couple of aspects to this case that I think the court should at least consider before making its decision. Mr McKenzie. Um, I don't grass, but I would. I would ask you to please address the motion to dismiss in the course of your argument. Um, in addition to whatever substantive arguments you have on the issues. Yes, sir. Um, this case started back in June of 2014 when Mr Bethea was originally indicted. During the course of the case, there was an 8 51 enhancement filed by the government based on three state court convictions that meant that Mr Bethea was facing a mandatory life sentence. There was a plea agreement where Bethea agreed to plead to the conspiracy count, agreed that he would have a life sentence, and that he stipulated to the 8 51 enhancements. He agreed to cooperate. If his cooperation was deemed to be substantial assistance, then the government agreed to withdraw two of the three 8 51 enhancements, meaning that, uh, Bethea would be facing a 20 year mandatory minimum instead of, um, mandatory life. He also agreed to abide by all the conditions of his bond and all laws. Um, and he waived his right to appeal. He waved to the right to bring a 22 55 motion. There were certain exceptions to that, including ineffective assistance of counsel. The court accepted his plea. The pre sentence report came out. Um, sensing hearing was held August of 2015. At that point, the government refused to withdraw the 2 8 51 enhancements because it was learned that Mr Bethea was cooked and prepared crack cocaine during the course of the case. That was a violation of the plea agreement. He also lost his acceptance points. So, uh, at that point, after the sentencing hearing, his guidelines were set at 1 51 to 188 months was approximately 12 to 15 years. That, if I read this correctly, that is the sentence that he would be facing if the First Step Act applied to his case. Um, rather than a life sentence. But, of course, the judge, his hands were tied. He had to give him a life sentence. No appeal was filed at that time. In October of 16, Bethea filed a plea that he was denied his right to appeal. He did want to appeal. He wanted his attorney to file an appeal, and he did not do so. The government contested that, and that case was in litigation for some 2.5 years. Fine. During the course of that 22 55 case, the first step came out in, uh, where now they would not be facing a life sentence. He would be facing a mandatory minimum of 25 years. And more importantly, the First Step Act redefined what counts for an 8 51 enhancement, relabeling a serious drug felony to where the prior conviction, the defendant would have to have served at least 12 months in jail on the prior conviction for it to count as an 8 51 enhancement. If they had no such prior convictions, he would not be facing an 8 51 enhancement under the First Step Act. So the court in the 22 55 case issued an order in July of 2019 denying all grounds except the issue regarding the appeal. Uh, and Judge Anderson in the defendant alleges ineffective assistance of counsel, including the denial of the right to appeal. A hearing is required under Fourth Circuit precedent. A hearing must be held, and Judge Anderson did set a hearing for September of 2019. But then it was learned that Mr Buffet has some medical conditions, and it was very expensive to transport him for that hearing. So and Mr Buffet refused to do the hearing by video. So at that point, Judge Anderson changed his mind and said, Well, there's not gonna be hearing. He simply by written order, he vacated the prior judgment and sentence and re entered it, allowing Mr Buffet to appeal a new. He stayed consideration of all the other claims, whereas before he denied all the other claims, he changed that and stayed consideration of all the other crimes. And then the court filed the notice of appeal. So it's our position that at the re sentencing was abusive discretion for Judge Anderson not to disregard the first step back. Thank you for one. Why didn't you, Mr McKenzie? Had it? How did your client not waive that argument? Yes. How does the plea agreement and the waiver of either appeal or collateral attack not apply to the argument? The only exception I saw was an ineffective assistance of counsel claim. And and and, you know, that's not the basis of your abuse of discretion. So how is your client's position not waived? There are exceptions to an appeal waiver or 22 55 waiver. Most importantly, one being that if it's an illegal sentence, if the judge exceeds what is allowed by law under those circumstances, regardless of the appeal with waiver, the defendant can still pursue an appeal. And that's essentially what we're alleging here is that the first that that that that that's not. I mean, that is, I understand this provision of the First Step Act. It's not. Um, it wasn't, um, retroactive. So is this? Is this actually a sentence that violated the law? Um, it seems to me it's more of a change in law type circumstances which we've held, I think, are are not the type of things that allow, um, someone to avoid a waiver. What we're saying is after the First Step Act was enacted, Judge Anderson vacated the sentence and then re sentenced the thing. So we're saying at that point, the First Step Act should apply because it's after the date of the enactment of the sentence. And also, there was supposed to be this hearing that never took place on the 22 55 motion. There was supposed to be a hearing about the ineffective assistance of counsel involving the lack of an appeal. Now that hearing didn't happen. But if it if it had happened, I suspect that Judge Anderson would have ruled the same way he did. And when he did that, well, then the First Step Act issue presents that is the first. It could have been an argued that well, now you have got to apply the First Step Act. And I think that's an argument that should have been made. But they never had the chance to do that because Judge Anderson canceled the hearing. How do you deal with the argument, um, that the first step that the particular provision of the First Step Act here, um, applies if a sentence for the offense has not been imposed as of the date of enactment. And the government says a sentence has been imposed. It admittedly was vacated, but a sentence was imposed. So how does the text of the statute not, you know, prevent the applicability of the relief you seek under the First Step Act? Well, I don't think that necessarily forecloses this argument. It doesn't say any sense. It or any sense. It says a sentence. I think that leaves open. I understand this cases that say otherwise, but I I think that still leaves open this argument to be made. Um, going back to the hearing, you know that this is one of the things that's different about this case, and I think perhaps this court should consider it. Um, but they had no chance to raise the First Step Act in district court, and I think he that would have come up had that hearing been held. I don't know if Judge Anderson would have entertained it. I don't know if he would have listened to an argument or emotion, but just reading the transcript of the case, I suspect that maybe just from the might have at least listen to that. I think another thing that's different about this case is the finality of the judgment or sentence. I know there is some case law that is against us on this, but I want you to consider that Bethay at the time of the First Step Act, he was he never got out of district court. I understand the cases for circuit cases talking about what first act doesn't act doesn't apply to a case on appeal, but they had never even gotten that far yet. He was still in district court. The appeal had not even been filed. You know, as we sit here today, but they his his direct appeal and his 22 55 motion are both still pending. If the court rules against Mr Bethay in this case, he goes back to disperse court to conclude his 22 55 case. So, um, I just think that that's something that the court should consider. His case never got to appeal at the time of the First Step. And that's the gist of our argument. I'll be glad to answer any questions. Well, my question to you, Mr McKenzie, is is the appeal waiver valid? And if if not, why? I don't see anything in the record that creates invalidity of that appeal waiver. The appeal waiver is valid, but there are exceptions to an appeal waiver. What we're saying is that, you know, at the time of the recent, it's the vacant, the vacator of the order and the resentencing. Well, the law had changed, and the First Step Act should have applied at that point. And therefore, the sentence that he got exceeded what was allowed by law. Right. In this case, would you say that the appeal waiver and applying given a distance in here, they're compatible? Does he still plead guilty? Correct? Correct. I'm sorry. I didn't hear that, Your Honor. I'm saying enforcement of the waiver. At this point, it really doesn't matter because his sentence was vacated, and so he had to be sentenced again. Right? Yes, sir, Your Honor. Right. So he's not asking to amount that a all these and he's one of the you want to be sentenced according to what the law was at the time of the sentencing, which 401 had amended a 41. So so so that even if that his waiver was still there, he's not trying to. He's trying to get the legal sentence. I think that's what his claim is correct. Yes, Your Honor. And even if there is a valid waiver of appeal, it's well established that that that doesn't mean that the judge can just do whatever he wants. He doesn't submit himself to the whim of the district court judge. He still has to be sentenced pursuant to law, right? Thank you, Your Honor. All right, Mr. Paul. Uh, the hall like down the hall and to the left. All right, Mr Dahl. All right. Good morning, Your Honor. Chief Judge Gregory may please the court. Andrew Hall here on behalf of the United States. I'd like to begin where the other argument left off with, which is with the appeal waiver. Um, as my friend on the other side has said, there isn't a validity problem here. Instead, he's relying on, um, the principle enunciated in Johnson and other cases, uh, that an illegal sentence, one that exceeds the statutory maximum, uh, creates an exception to an otherwise valid appellate waiver. Um, we don't think that the, uh, the sentence here, certainly the one originally imposed and then just mechanically reimposed, uh, violates either the, um, original law or the amended one. Under the First Step Act, the statutory maximums remains a life max. Um, I noticed that Mr McKenzie talked about, um, uh, not getting a, uh, a chance to raise this issue below. Um, we would, uh, just reiterate, as we did in our brief, that, um, Mr Bethea is a very, uh, uh, a good, uh, uh, pro se litigant. Uh, he's, he's had very detailed filings, and one of those filings was a, um, an amended 2255 petition that he filed, um, back in April of 2019, several months after, um, the, uh, First Step Act, uh, became effective. Uh, he could have raised it there, um, and as far as, uh, not getting a hearing on it, I think the hearing in scope was to be, uh, confined to whether there was ineffective assistance counsel on the appellate issue. Um, so I'm not sure that even if Judge Anderson had found a plea counsel, Mr Delgado, ineffective, that it would have necessarily followed that a resentencing would have happened because really what Judge Anderson did was, um, uh, give, uh, Mr Bethea the common and logical remedy for failure to appeal, um, which this court, and had in other cases, has said does not entitle someone to a new resentencing, and it constitutes a correction of a sentence rather than a resentencing. So, Mr DeHaul, if, if, if you could spend a little more time on this issue, um, in terms of whether the, it sounds like there's no issue about the waiver is effective. The issue is whether the sentence, you know, is in violation of the law, is illegal in effect. And it seems like the argument is, well, at the time of the second sentence, that it was, that these two sentence him as he did was to sentence him in a way that was contrary to the law. So how help us with that issue? Um, is it? Is it? Do we not look at the second sentence? And if so, why? And if we look at the second sentence, how is it, um, in compliance with the law? Thank you, Judge Qualbom. Um, to answer those, hopefully in order, um, I think, uh, I think context is important here because there are cases out there. I'm sure your honors are familiar with them that talk about whether this act applies after a sentence has been vacated for a quote plenary resentencing on appeal. Um, and to the extent that, um, the panel finds those, uh, those opinions informative, uh, this is a different type of vacator. This is one not done because of a defect in the sentence or the conviction, um, which is the whole premise of really quote wiping the slate clean for a plenary resentencing. This is something done mechanically, uh, in order to restart the clock on the direct appeal time. Um, and and so really, even if Judge Anderson had found Mr Delgado was ineffective, which he didn't, I mean, this was this was something done as a as a quote expedient. Um, I think that, uh, it would be it's not quite the right focal point to look at the second, uh, reimposed identical sentence. Um, just because the nature of it is not tied to, um, and a court found defect at all. Now to your second question, I'd say, even if you disagree with me on that, um, I think it's still not contrary to law because the plain language of the act has a historical focus of asking whether a sentence had been imposed as of December 21st 2018. The answer here plainly is yes, but that's that's substantively right. That's not about the waiver. Is that that second argument? What doesn't have anything to do with the waiver? Or maybe it does. Or is that your argument? Why it's not illegal. I get I see. I think I understand what you're saying. Right, Your Honor. I have moved. I bled into the merits there. Yes, sir. Chief Judge Gregory. I think you had a citizen to life. Uh, life sentence without possibility of parole under the new law. Um, my reading of the amended 8 41 is that that life is the statutory max on that without parole. Yeah, because that's the sentence he gave him. It did give a mandatory life. That is correct, Your Honor. Manager without the possibility of release. That's correct. That's not consistent with the law now. Well, it would. If I see that kind of puts the cart before the horse. You're on. What car am I putting the full horse? I'm asking you a direct question right in the horse's mouth. The question is this. Can that be? Is that permitted under the law now is amended by 401? If Mr Buffet is it qualifies under the act, then no, that would not be permitted. Okay, right, right. And I'm sorry. When I use that term phrase, I mean that, um, to get there, you're kind of kind of looking at the merits in order to decide whether the waiver applies in the first place. Um, that's and that was what I meant by that. I apologize for being unclear. But it sounds like what you're saying is I understand it is the reason we don't look. Your argument is that because of the nature of this vape, the way Judge Anderson vacated, you know, the judgment in order to start the appeal time again that we don't look at the whether the Senate's complied with the law. This sounds like you're saying the nature of this proceeding is why we don't do that. Is that what I'm understanding? Yes, Your Honor. That's that's what I'm saying. You said because the way that the district court did this, that makes it different. The fact that he didn't give a hearing at all and just cancelled it and imposed that that makes the difference that that deprives us from looking at what a legal sentence would have been after vacature. Is that your argument? I didn't because I didn't hear you make that argument. But is that your argument? Because the way it was done here that after the vacature that you don't have to comply with a legal sentence. My argument, Your Honor, is that his Senate's on re imposition was legal. You just told me that it doesn't get that consistent with the new law. We better circle again. My I apologize, Your Honor. I know. I think you were. I think you were trying to adopt what Judge Qualibam said was your argument. I didn't think you made that argument because it can be basically the district court speaks by by its orders and papers. An order was no hearing basically. And then he imposed the same sentence life without the possibility of release and say that's that the nature of that changes the law. The obligation of law after vacature still requires the law is a stubborn fact. It just doesn't go away. We gotta comply with the law. Go ahead. Thank you, Your Honor. And I would argue that that Judge Anderson did comply with the law. Um, because this gets into the merits of that. Um, the act does not apply to, uh, did not want to stop giving the judge's name. It's the district court. I think it's about just about the district court we talked about. It's not just good. Yeah, it's the court. So the court did not get what? What did you say? He got it right. He said it's but you said that it said this was not consistent. You just said that and we don't know what the what the judge would have done that hearing. We don't know what happened. Sentence to the same sentence. And that's not consistent with the law now. Yeah. Your Honor, we maintain the position that it was consistent with the law now because the act does not apply to Mr Bethe on any type of resentencing or re imposition of judgment because one was already entered as of December 21st 2018. But that's gone. Isn't that gone? That's what a vacature is. It doesn't look at this retroactively. It's like if someone was sentenced three times and all three were set aside and vacated in the last one, you could ignore the last one because the ones that were vacated a year ago, that's a sentence. You have to look at what present time. That's what that's what vacating is dissolved. It doesn't exist. So a sentence has to be based upon the would meet the new guidelines under the first step that turns temporal adjudication on his head. Mr. De Hall, let me ask you two questions. One, uh, there was no plenary resentencing in this case, was it correct? There was not. And, uh, if we were to agree with the defendant on remand, what happens? And before you answer that, everybody's been talking about parole. There is no parole in the federal system. Am I right about that? That's my understanding, Your Honor. So if we were to vacate this sentence, send it back, would they be a plenary resentencing or what? Well, I think the most immediate thing that would happen is, uh, the district court would resume the 22 55 proceedings that is left in abeyance and hasn't concluded yet. Um, so at that point, um, it would then rule on the other issues, um, that that are still out there. And if it were to, um, it could then either find that there was some sort of ineffective assistance council requiring, um, relief or not. I don't believe remanding at this point would would necessarily result unless the court were inclined to have that sort of, um, mandate would would lead directly to a plenary resentencing because there again, this is not a case where any sort of, um, defect in his sentence or, uh, or his conviction has been established. You don't think that would be just that the court would be clearly know that the range is now 25 to life. They don't think that's appropriate. And see if the court indication that there was no option other than to give life without release. That the government's argument in these cases of these draconian sentences. I'm not talking about this case. And this is these long sentences that now we know first step was was meant to correct some of these things. And that's why there's a change. And you're saying that's not appropriate for the court to be informed that the range is 25 to life, but not mandatory life. And I know that, oh, now, but when you say without release, the other things like the geriatric provisions and those things like that without life, if it's not with my release, you may not be eligible for those in terms of the things like that. So it has some implications, notwithstanding that there's no parole for anybody. But life with no possibility of release has some implications. I don't think we don't think that that's just insisted to be said. It's known that the range is 25 in life, but not a mandatory life. I'm just asking. Is that the governess? The United States government in cases of a case like this? How was that just your honor? I appreciate that. This gets into some some line drawing questions that have been tough to wrestle with on this court in Jordan and Seventh Circuit and Pearson and others have acknowledged that Congress drew a line, and it might not be always one that everyone would follow or draw the same way. But we're here to have that line enforced. I don't think you established in the line at all today. Instead, if anything has been enforces that it really does apply. The first step. This is not a case where I'm saying justice requires to step over the line that's clearly demarcated. I'm saying, Why would you step over when we know that it does apply? Well, your honor, we're not saying that that, uh, that it I'll start again. Um, we think the line is is in the statute of Section 401 C, and the line is drawn at whether a sentence had been imposed as of that date. And you think it doesn't matter. The fact that it was vacant has nothing to it. We think that the text of the statute does not take that into consideration. But But, your honor, even if it does, say, for example, you were taking you were agreeing with the majority in the Seventh Circuit's decision. Yuri Archie, um, there that their decision was that vacator would apply in the case for plenary or sentencing. Um, as long as that took place before December 21st, 2018. So our position is that even if you wanted if you agree with their analysis there, and we agree with the sense analysis in that case, but even if you agree with the majority analysis there, we have a different type of vacator here than the one that they were relying on. And second, even they didn't go so far as to say that a vacator that took place months after the First Step Act became effective would would trigger the amendments. In fact, in footnote three of their opinion, they suggest that it would not. These facts in the same circumstances. These facts here. That's not the same facts. Plus, first of all, it's not controlling anyway. Agreed. The facts are slightly different in that, um, in that case, there was an error found in this year. Your heart is sentenced on direct appeal, and they had a, um, there was a vacator for resentencing there because they were didn't Yes, Your Honor. On remand, there was a hearing. You don't You don't have a hearing here. Correct. Um, and I think that does distinguish us from that case because that makes the vacation even more plenary here because it's just gone. I think the it's an interesting mechanism that we're dealing with here. The the summary, um, vacator and 20 minutes later, the the same, uh, substantively same J and C is entered in order to start the clock again. That's why I think I agree with then Judge Barrett's dissent to say that, um, tying it to a nature of a vacator or getting into what kind of vacators involved is not really consistent with what, um, the act directs and creates some problems with trying to parse what counts and what doesn't. Um, but I do think that to the extent we're wondering why Judge Anderson, I'm sorry, Your Honor, the district court, um, did that. I think he was he he was given no reason to think that any sort of relief or ineffective are you speaking for the district court? Can you do that? No, I didn't think so. Not in the right thing. I'm sorry, Your Honor. All I was saying is that, um, you're speculating about something. Well, no, Your Honor. All I'm saying is that, uh, he was given no reason to think that Mr Bethea wanted any other type of relief for ineffective assistance on the appellate issue than the standard type that this court is approved in that district courts provide. That's all I was saying. I was there a hearing for a given opportunity to do that to say what he may or may not want. There was no hearing in this 22 55 proceeding, Your Honor. Correct. I seem about out of time. I'm happy to answer any other questions that the court may have. Thank you. Thank you, Your Honor. McKenzie, you have some time reserved. Can you hear me now? Yeah, it's off. You're unmuted. Sorry about that. The only thing I have to add is that if Bethea is sentenced under the First Step Act, he cannot be sentenced with an 8 51 enhancement. His prior convictions do not qualify for an 8 51 enhancement at all. He is not. Theoretically, he could still get a life sentence. But what would happen is he's going to be sentenced by the guidelines most likely, which would mean a sentence of 12 to 15 years. Just to show the significance of what's going on here. And that's all I really have to add. I'll be glad to answer any questions. All right. Thank you, Counsel. I know, Mr McKenzie, that you're a court appointed, and I want you to give a special thanks on behalf of the court because we rely upon lawyers like yourself to take these assignments in these very important cases, and we really appreciate that. Mr DeHall, obviously, we recognize your able representation of the United States here today as well. You can't come down and shake your hand, but please know that we are very pleased and thankful that you're willing to help us on these cases, and we hope that you will be safe and stay well. Thank
judges: Roger L. Gregory, Henry F. Floyd, A. Marvin Quattlebaum Jr.